

1  SEYFARTH SHAW LLP
   Laura Wilson Shelby (State Bar No. 151870)
2  Mary E. Ahrens (State Bar No. 228992)
   2029 Century Park East, Suite 3300
3  Los Angeles, California 90067-3063
   Telephone: (310) 277-7200
4  Facsimile: (310) 201-5219
   lshelby@seyfarth.com
5  mahrens@seyfarth.com

6  Attorneys for Defendants
   PERKINS & WILL, INC., and RANDY LARSEN
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10 LIVIA SHI,                          Case No. CV08-02563 PA
                                                            (JCx)
11            Plaintiff,               (Los Angeles County Superior Court
                                       Case No. BC 384559)
12       v.
                                       NOTICE OF REMOVAL
13 PERKINS & WILL, INC.; RANDY
   LARSEN; and DOES 1 through 100,     [Declaration of Brodie Stephens and
14 inclusive,                          Declaration of Mary E. Ahrens in
                                       Support Filed Concurrently Under
15            Defendants.              Separate Cover]

16                                     Complaint Filed: January 29, 2008

17

18       TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL

19 DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF

20 RECORD:

21       PLEASE TAKE NOTICE that Defendants Perkins & Will, Inc. and Randy

22 Larsen ("Defendants") hereby file this notice of removal pursuant to 28 U.S.C.

23 Sections 1332(a), 1441 and 1446 in order to effect the removal of the above-

24 captioned action, which was commenced in the Superior Court of the State of

25 California in and for the County of Los Angeles, and state that the removal is

26 proper for the following reasons:

27

28

                                   1
LA1 6690031.3

## TIMELINESS OF REMOVAL

1.       On January 29, 2008, Plaintiff Livia Shi ("Plaintiff") filed a Complaint against Perkins & Will, Inc., Randy Larsen, and Does 1 through 100 in the Superior Court of the State of California, County of Los Angeles, Case No. BC 384559 (the "Complaint").

2.       Defendants Perkins & Will, Inc. and Randy Larsen were served the Summons and Complaint on March 18, 2008 and March 19, 2008 respectively.  A true and correct copy of the Summons and Complaint is attached hereto as Exhibit "A."

3.       This Notice of Removal is timely as it is filed within thirty (30) days of the receipt by a defendant of a copy of the Summons and Complaint in this matter.  28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION

4.       The Court has original jurisdiction of this action under 28 U.S.C. § 1332(a)(1).  As set forth below, this action is removable, pursuant to the provisions of 28 U.S.C. § 1441(a), as the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

5.       **Plaintiff's Citizenship.**  Plaintiff alleges that she is, and at all times since the commencement of this action has been, a resident of the State of California, County of Los Angeles.  (Compl., ¶ 1).  For diversity purposes, a person is a "citizen" of the state in which she is domiciled.  *Kantor v. Wellesly Galleries, Ltd.*, 704 F. 2d 1088, 1090 (9th Cir. 1983).  A party's residence is prima facie evidence of her domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 29 F. 3d 514, 520 (10th Cir. 1994).

6.       **Defendant Perkins & Will, Inc.'s Citizenship.**  Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by

2

LA1 6690031.3

1 which it has been incorporated and of the State where it has its principal place of

2 business." Notwithstanding the mistaken allegations of the Complaint, Defendant

3 Perkins & Will, Inc. is a corporation incorporated under the laws of the State of

4 Delaware, with its principal place of business in Illinois. Defendant Perkins &

5 Will, Inc. is therefore not a resident or citizen of the State of California.

6       7.    **Defendant Randy Larsen Is Fraudulently Joined as a Party to this**

7 **Action and, Accordingly, Must Be Disregarded for Removal Purposes.**

8 Defendant Randy Larsen is now and was, at the time this action was commenced, a

9 citizen of the State of California within the meaning of 28 U.S.C. § 1332(a)

10 because his place of residence and domicile is and was within the State of

11 California. His citizenship, however, is irrelevant for purposes of diversity

12 because he is a "sham" defendant.

13       8.    A defendant who is fraudulently joined, such as Defendant Larsen,

14 must be disregarded for removal purposes. Plaintiff's naming of Defendant Larsen

15 constitutes a device to prevent removal, and in such circumstances, this Court may

16 disregard joinder and retain jurisdiction. *McCabe v. General Foods Corp.*, 811

17 F.2d 1336, 1339 (9th Cir. 1987) (plaintiffs cannot derail a defendant's absolute

18 right to remove by the trick of naming a non-diverse defendant where no claim can

19 properly be maintained against that non-diverse defendant); *Zogbi v. Federated*

20 *Dep't Store*, 767 F. Supp. 1037, 1041 (C.D. Cal. 1991) (non-diverse defendant may

21 be disregarded if that person's joinder is fraudulent in that no claim can be

22 established against that party).

23       9.    Plaintiff alleges all causes of action against all Defendants, including

24 the individual defendant, Randy Larsen. The causes of action are: (1) sexual

25 harassment, discrimination and retaliation in employment under California

26 Government Code §12940 *et seq.* and (2) retaliation and wrongful termination in

27 violation of public policy. "If the plaintiff fails to state a cause of action against

28 the resident defendant . . . the joinder of the resident defendant is fraudulent."

1   *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  As set

2   forth below, Plaintiff fails to state any cause of action against Larsen.

3         10.    Plaintiff fails to state a cause of action against Defendant Larsen for

4   discrimination because the California Supreme Court has clearly articulated that a

5   manager, such as Larsen, cannot, as a matter of law, be held personally

6   individually liable for discrimination.  *See Reno v. Baird*, 18 Cal. 4th 640, 645-646

7   (1988) (holding that individual managers and supervisors are not liable for

8   employment discrimination under the FEHA or under a theory of wrongful

9   discharge contrary to public policy.)

10         11.    Likewise, Plaintiff fails to state a cause of action against Defendant

11   Larsen for retaliation because the California Supreme Court has also clearly

12   articulated that a manager, such as Larsen, cannot, as a matter of law, be held

13   personally individually liable for retaliation.  *See Jones v. The Lodge at Torrey*

14   *Pines Partnership et al.*, 42 Cal.4th 1158, 1173 (2008) (holding that nonemployer

15   individuals cannot personally be liable for their role in retaliation).  In addition, "as

16   a matter of law, only an employer can be liable for the tort of wrongful discharge

17   in violation of public policy." *Khajavi v. Feather River Anesthesia Med. Group*,

18   84 Cal. App. 4th 32, 53 (2000).

19         12.    Plaintiff also fails to state a cause of action for harassment against

20   Defendant Larsen.  To bring a civil action for harassment or discrimination under

21   the FEHA, a plaintiff first must file an administrative complaint with the DFEH,

22   **and he must do so within one year of the alleged unlawful practice.**  Cal. Gov.

23   Code §12960 ("No complaint may be filed after the expiration of one year from the

24   date upon which the alleged unlawful practice or refusal to cooperate occurred.").

25   The timely filing of a complaint with the DFEH is a precondition to suit, and the

26   failure to timely file such a complaint bars a civil action. *Yurick v. Superior Court*,

27   209 Cal. App. 3d 1116, 1121 (1989); *see also Williams v. Pacific Mutual Life*

28   *Insurance*, 186 Cal. App. 3d 941, 949 (1986) (one-year limitations period for

4

LA1 6690031.3

1  FEHA claims is not merely procedural, but is a legislatively mandated condition on
2  a substantive right).  Plaintiff's DFEH charge does not allege a claim for
3  harassment.  *See* Exhibit A.  Moreover, Plaintiff does not name Larsen as a party in
4  her DFEH charge.  *Cole v. Antelope Valley Union High School Dist.*, 47 Cal. App.
5  4th 1505, 1515 (1996) ("[i]n order to bring a civil lawsuit under the FEHA, the
6  defendants must have been named in the caption or body of the DFEH charge").
7  Given that Plaintiff was terminated on April 13, 2007, the time for her to file a
8  DFEH charge for harassment or a charge as to Larson has expired.

9       13.   **Doe Defendants' Citizenship.**  Pursuant to 28 U.S.C. § 1441(a), the
10  residence of fictitious and unknown defendants should be disregarded for purposes
11  of establishing removal jurisdiction under 28 U.S.C. § 1332.  *Fristoe v. Reynolds*
12  *Metals Co.*, 615 F. 2d 1209, 1213 (9th Cir. 1980) (unnamed defendants sued as
13  "DOES" are not required to join in a removal position).  Thus, the existence of Doe
14  defendants 1 through 100, inclusive, does not deprive this Court of jurisdiction.

15       14.   **Amount-In-Controversy.**  While Defendants deny any liability as to
16  Plaintiff's claims, the amount in controversy requirement is satisfied because it is
17  "more likely than not" that the amount in controversy exceeds the jurisdictional
18  minimum.  *See Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 862 (9th
19  Cir. 1996) (internal citation omitted).  Here, the damages requested by Plaintiff
20  "more likely than not" exceed $75,000.00, exclusive of interest and costs, as
21  required by 28 U.S.C. § 1332(a).

22       A.   **Damages and Penalties.**  Plaintiff was employed by Perkins &
23  Will, Inc. from on or about October 31, 2006 until on or about April 13, 2007.
24  (Compl. ¶¶ 6-7.)  Plaintiff alleges in the Complaint that she is owed, *inter alia*,
25  "general damages in an amount within jurisdictional limits of this Court," "medical
26  expenses and related items of expense," "loss of earnings," and "loss of earning
27  capacity." (Compl. Prayer.)  On June 29, 2007, Plaintiff sent a demand letter to
28  Defendant Perkins & Will, Inc.  Although Plaintiff did not set forth a specific

1    demand, she discusses emotional distress damages in the $1,000,000 to $1,250,000

2    ranges. *See* Declaration of Mary Ahrens ("Ahrens Dec."), filed concurrently

3    herewith and incorporated by reference herein, ¶ 2.

4          **B.**    **Attorneys' Fees.**  Plaintiff also claims she is entitled to

5    attorneys' fees under Code of Civil Procedure § 1021.5 and Government Code

6    § 12965(b) and punitive damages. (Compl. ¶ 18, ¶ 29, prayer.)  Attorneys' fees are

7    properly considered in calculating the amount-in-controversy for purposes of

8    removal on grounds of diversity jurisdiction. *See, e.g., Galt G/S v. JSS*

9    *Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys'

10   fees to be included in amount in controversy, regardless of whether such an award

11   is discretionary or mandatory). In her demand to Defendant Perkins & Will, Inc.,

12   Plaintiff did not allege a specific demand for attorneys' fees.  However, she

13   discusses attorneys' fee awards in the $900,000 to $1,850,000 range.  *See* Ahrens

14   Dec. ¶ 2.   Plaintiff also alleges punitive damages.  (Compl. ¶ 17, ¶ 28, prayer.)

15       15.    Since diversity of citizenship exists between Plaintiff and Defendants

16   and the matter in controversy between them is in excess of Seventy-Five Thousand

17   Dollars ($75,000), this Court has original jurisdiction of the action pursuant to 28

18   U.S.C. § 1332(a)(1).  This action is therefore a proper one for removal to this

19   Court.

20                                      **VENUE**

21       16.    Venue lies in the Central District of this Court pursuant to 28 U.S.C.

22   §§ 1441, 1446(a), and 84(c).  This action originally was brought in the Superior

23   Court of the State of California, County of Los Angeles, and the Plaintiff resides in

24   the County of Los Angeles, California.

25

26

27

28

LA1 6690031.3

## NOTICE OF REMOVAL

17.   This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

18.   In compliance with 28 U.S.C. Section 1446(a), true and correct copies of all process, pleadings, and orders served in this action are attached hereto.  They are: (1) Summons and Complaint (Exhibit A); (2) Answer to Complaint (Exhibit B); and (3) Notice of Case Management and Hearings on OSC and Case Management Conference (Exhibit C).

WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California

DATED:  April 17, 2008         SEYFARTH SHAW LLP

_____
Mary E. Ahrens
Attorneys for Defendants
PERKINS & WILL, INC. and RANDY LARSEN

LA1 6690031.3

# EXHIBIT A

# SUMMONS

## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PERKINS & WILL, INC.; RANDY LARSEN; and DOES 1
through 100, Inclusive,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
LOS ANGELES SUPERIOR COURT

JAN 2 9 2008

JOHN A. CLARKE, CLERK

BY MARY GARCIA, DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LIVIA SHI,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
   *Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
LOS ANGELES COUNTY SUPERIOR COURT
111 North Hill Street
Los Angeles, CA  90012

CENTRAL DISTRICT

CASE NUMBER:
*(Número del Caso):*
BC384559

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Marcus A. Mancini, Esq.     SBN 146905       (818) 783-5757  (818) 783-7710
MANCINI & ASSOCIATES
15303 Ventura Boulevard, Suite 600
Sherman Oaks, California

DATE:                                         Clerk, by                                         , Deputy
*(Fecha)*  JAN 2 9 2008                  *(Secretario)*   M. GARCIA       *(Adjunto)*
(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465



1  MARCUS A. MANCINI, ESQ. (State Bar No. 146905)
   ADAM REISNER, ESQ. (State Bar No. 204351)
2  DAVID SARNOFF, ESQ. (State Bar No. 239363)
   **MANCINI & ASSOCIATES**
3  A Professional Law Corporation
   15303 Ventura Blvd., Suite 600
4  Sherman Oaks, CA 91403

5  Phone  (818) 783-5757
   Fax    (818) 783-7710
6
   Attorneys for Plaintiff LIVIA SHI
7

FILED
LOS ANGELES SUPERIOR COURT

JAN 2 9 2008

JOHN A. CLARKE, CLERK
BY MARY GARCIA, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

10

11  LIVIA SHI,                                CASE NO.   BC384559

12            Plaintiff,                       COMPLAINT FOR DAMAGES:

13       vs.                                   (1)  SEXUAL HARASSMENT,
                                                    RETALIATION AND
14  PERKINS & WILL, INC.;                           DISCRIMINATION IN
    RANDY LARSEN;                                   VIOLATION OF CALIFORNIA
15  and DOES 1 through 100, Inclusive,              GOVERNMENT CODE §12940
                                                    ET SEQ. (FEHA);
16            Defendants.
                                               (2)  RETALIATION AND
17                                                  WRONGFUL TERMINATION
                                                    IN VIOLATION OF PUBLIC
18                                                  POLICY.

19                                             **JURY TRIAL DEMANDED**

20

21

22

23

24

25

26       **COMES NOW** Plaintiff LIVIA SHI (hereinafter referred to as "SHI" or "PLAINTIFF")

27  and complains against the above-named Defendants and for causes of action against the

28  Defendants, and each of them, as follows:

                                          1
                  **PLAINTIFF'S COMPLAINT FOR DAMAGES**

# I.

## FIRST CAUSE OF ACTION

(For Sexual Harassment, Discrimination and Retaliation in Employment

[California Government Code §12940 et seq.]

Against All Defendants and DOES 1 Through 100, Inclusive)

1.  At all times mentioned herein, Plaintiff was, and now is, an individual residing in the County of Los Angeles, State of California.

2.  Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendant PERKINS & WILL, INC. (hereinafter referred to collectively with all other Defendants as "Defendants") were, and now are, valid businesses of form unknown duly organized and existing under the laws of the State of California, having its principal place of business in the County of Los Angeles, State of California.

3.  At all times mentioned herein, Defendant RANDY LARSEN (hereinafter referred to as "LARSEN" and collectively with all other Defendants as "Defendants") was, and now is, an individual residing in the County of Los Angeles, State of California, and was a Manager, Officer, Shareholder, Director, Supervisor, Director of Operations, Managing Agent and Employee of Defendants, and each of them, and DOES 1-100.

4.  Plaintiff is ignorant of the true names and capacities, whether corporate, associate, individual or otherwise, of Defendants sued herein as DOES 1 - 100, Inclusive, and therefore sues said Defendants, and each of them, by such fictitious names. Plaintiff will seek leave of court to amend this Complaint to assert the true names and capacities of the fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each Defendant designated as "DOES" herein is legally responsible for the events, happenings, acts, occurrences, indebtedness, damages and liabilities hereinafter alleged and caused injuries and damages proximately thereby to the plaintiff, as hereinafter alleged.

5.  Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, each Defendant designated, including DOES 1-100, herein was the agent, managing agent, principal, owner, partner, joint venturer, representative, supervisor, manager, servant, employee

2

1  and/or co-conspirator of each of the other Defendants, and was at all times mentioned herein acting

2  within the course and scope of said agency and employment, and that all acts or omissions alleged

3  herein were duly committed with the ratification, knowledge, permission, encouragement,

4  authorization and consent of each Defendant designated herein.

5        6.    At all times herein mentioned, for approximately five (5) months until her wrongful

6  termination on or about April 13, 2007, Plaintiff was employed by Defendants, and each of them,

7  as an Architect III.

8        7.    Beginning in or around November 2006 and lasting at least through April 13, 2007,

9  and continuing, Defendants, and each of them, harassed, discriminated and retaliated against

10  Plaintiff SHI in a continuous, constant, severe and pervasive manner, on the basis of her gender

11  and sex, female, and because she complained and protested about the sexual harassment,

12  discrimination and retaliation by the following constant and continuous barrage of actions and

13  conduct, among others:

14        a    Plaintiff was hired as a Junior Architect in or around late October 31, 2006;

15        b    Plaintiff worked diligently and attained the rank of Architect III;

16        c    Plaintiff was treated differently from other similarly situated males, in particular one

17            male employee and peer hired at approximately the same time as Plaintiff;

18        d    Notwithstanding having equal experience to the similarly situated male, Defendants,

19            and each of them, permitted the male to direct and issue direct orders to Plaintiff, all

20            while not allowing Plaintiff to do the same;

21        e    In or around February 2007 Plaintiff received a performance review from Defendant

22            and Director of Operations LARSEN that was acceptable. This acceptable review

23            was followed up by a commendation from the Managing Director;

24        f    Plaintiff was subjected to peer reviews and, in particular, one from the similarly

25            situated male. This review was not favorable and, when Plaintiff showed it to

26            Defendant and Director of Operations LARSEN, he laughed at Plaintiff;

27  ///

28  ///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

g   Defendants, and each of them, unexpectedly and wrongfully terminated Plaintiff on or about April 13, 2007 for the false and/or exaggerated and/or pretextual reasons of her work performance, that Plaintiff was not meeting expectations of someone in her position. This termination occurred notwithstanding the fact that Plaintiff had never been warned, reprimanded, admonished and, on the other hand, had received adequate and even extensive praise on her work performance;

h   Failing to re-hire Plaintiff.

8.   Beginning in or around November 2006 and lasting at least through April 13, 2007, and continuing, Defendants, and DOES 1-100, and each of them, while acting in the course and scope of their employment with Defendants and DOES 1-100, and in carrying out the policies and practices of Defendants and DOES 1-100, failed to properly implement policies, practices, and procedures to investigate sexual discrimination, failed to investigate sexual discrimination, failed to properly investigate sexual discrimination, failed to properly train, failed to stop prevent the hostile atmosphere, failed to provide a neutral party for employees to complain to without fear of retaliation and retribution and failed to re-hire Plaintiff.

9.   By the acts and conduct described above, Defendants, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate, and failed to properly investigate, prevent or remedy the gender and sex discrimination, retaliation and harassment. The acts of discrimination, harassment and retaliation described herein were sufficiently pervasive and/or severe so as to alter the conditions of employment, and created a quid pro quo and an abusive and hostile working environment. When Plaintiff was terminated, Plaintiff's sex, complaints about sex harassment, discrimination and/or retaliation, or the fact that Defendants knew about the harassment, discrimination and/or retaliation were motivating reasons and/or factors in Plaintiff's termination.

10.   Plaintiff filed timely charges and complaints of sexual harassment, discrimination and retaliation with the California Department of Fair Employment and Housing pursuant to California Government Code § 12965(b), permitting Plaintiff to bring this legal action. Plaintiff has therefore exhausted her administrative remedies under the California Government Code.

4

1  Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference

2  hereto are made a part hereof.  Attached hereto and incorporated herein as Exhibit "B" are said

3  Right to Sue Notices and by reference hereto are made a part hereof.

4      11.    By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has

5  been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333

6  including, but not limited to, loss of earnings and future earning capacity, medical and related

7  expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary

8  loss not presently ascertained, for which Plaintiff will seek leave of Court to amend when

9  ascertained.

10     12.    As a direct and legal result of the acts and omissions of Defendants, and each of

11  them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and

12  externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain,

13  discomfort and anxiety.  The exact nature and extent of said injuries are not known to the Plaintiff,

14  who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this

15  time know the exact duration or permanence of said injuries, but is informed and believes, and

16  thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

17     13.    As a further legal result of the acts and omissions of the Defendants, and each of

18  them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs

19  during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that

20  she will in the future be forced to incur additional expenses of the same nature, all in an amount

21  which is at present unknown.  Plaintiff will pray leave of court to show the exact amount of said

22  expenses at the time of trial.

23     14.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

24  since said incidents has been unable to engage fully in her occupation, and is informed and

25  believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform her usual

26  work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is

27  at present unascertained.  Plaintiff will pray leave of court to show the total amount of loss of

28  earnings at the time of trial.

5

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

15. As a further direct and legal result of the acts and conduct of Defendants, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

16. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

17. The aforementioned acts of Defendants, and each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendants and DOES 1 through 100, and each of them, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants and DOES 1 through 100, and each of them, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

18. As a result of the discriminatory acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

## II.

## SECOND CAUSE OF ACTION

### (For Retaliation and Wrongful Termination in Violation of Public Policy Against All Defendants and DOES 1 Through 100, Inclusive)

19. Plaintiff incorporates herein by reference Paragraphs 1 through 18 of this Complaint as though set forth in full herein.

20. At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code §12940 et seq., was to prohibit employers from harassing, discriminating, retaliating against and/or terminating any individual on the grounds of their sex or opposing said unlawful practices. This public policy of the State of California is designed to protect all employees and to promote the welfare and well being of the

6

PLAINTIFF'S COMPLAINT FOR DAMAGES

1   community at large. Accordingly, the actions of Defendants, and each of them, in retaliating and

2   terminating Plaintiff on the grounds alleged and described herein were wrongful and in

3   contravention and violation of the express public policy of the State of California, to wit, the policy

4   set forth in California Government Code §§12940 et seq., and the laws and regulations

5   promulgated thereunder.

6       21.   As a direct result of the discriminatory, harassing and retaliatory acts, as

7   hereinbefore alleged, by Defendants, and each of them, Plaintiff was terminated. The

8   discriminatory acts as hereinbefore alleged, by Defendants, and each of them, and Plaintiff's

9   termination were violative of public policy. Defendants, and each of them, knew or reasonably

10  should have known of the intolerable discriminatory acts and conditions and of their impact on

11  and other employees similarly situated and could have remedied the situation.

12      22.   By the aforesaid acts and conduct of Defendants, and each of them, has been

13  directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333

14  including, but not limited to, loss of earnings and future earning capacity, medical and related

15  expenses for care and procedures both now and in the future, attorney's fees, and other pecuniary

16  loss not presently ascertained, for which plaintiff will seek leave of court to amend when

17  ascertained.

18      23.   As a direct and legal result of the acts and omissions of Defendants, and each of

19  them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and

20  externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain,

21  discomfort and anxiety. The exact nature and extent of said injuries are not known to the plaintiff,

22  who will pray leave of court to insert the same when they are ascertained. Plaintiff does not at this

23  time know the exact duration or permanence of said injuries, but is informed and believes, and

24  thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

25      24.   As a further legal result of the acts and omissions of the Defendants, and each of

26  them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs

27  during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that

28  Plaintiff will in the future be forced to incur additional expenses of the same nature, all in an

7

PLAINTIFF'S COMPLAINT FOR DAMAGES

1 amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount

2 of said expenses at the time of trial.

3     25.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

4 since said incidents Plaintiff has been unable to engage fully in Plaintiff's occupation, and is

5 informed and believes, and thereon alleges, that he will be incapacitated and unable to perform

6 Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an

7 amount which is at present unascertained.. Plaintiff will pray leave of court to show the total

8 amount of loss of earnings at the time of trial.

9     26.    As a further direct and legal result of the acts and conduct of Defendants, as

10 aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent

11 emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,

12 discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to

13 Plaintiff, who will pray leave of court to assert the same when they are ascertained.

14     27.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

15 this court.

16     28.    The aforementioned acts of Defendants, and each of them, were wilful, wanton,

17 malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard

18 of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of

19 Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of

20 managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the

21 awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

8

PLAINTIFF'S COMPLAINT FOR DAMAGES

29.     As a result of the discriminatory acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Code Of Civil Procedure § 1021.5.

WHEREFORE, Plaintiff LIVIA SHI, prays for Judgment against the Defendants, and each of them, as follows:

1.     For general damages in an amount within the jurisdictional limits of this Court;

2.     For medical expenses and related items of expense, according to proof;

3.     For loss of earnings, according to proof;

4.     For loss of earning capacity, according to proof;

5.     For reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code §12965 (b), according to proof;

6.     For reasonable attorneys' fees and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5, according to proof;

7.     For prejudgment interest according to proof;

8.     For punitive and exemplary damages, according to proof;

9.     For costs of suit incurred herein; and

10.    For such other and further relief as the court may deem just and proper.

Dated: January 8, 2008

MANCINI & ASSOCIATES
A Professional Law Corporation

By:
MARCUS A. MANCINI, ESQ.
Attorneys for Plaintiff
LIVIA SHI

9

PLAINTIFF'S COMPLAINT FOR DAMAGES



EXHIBIT "A"

## \* \* \* EMPLOYMENT \* \* \*

DFEH # E-200607-S-1398-00-Sc

*DFEH USE ONLY*

# COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)

Livia Shi     c/o Law Offices of Joseph M. Lovretovich

TELEPHONE NUMBER (INCLUDE AREA CODE)
818-610-8800

ADDRESS
5850 Canoga Avenue, Suite 315

CITY/STATE/ZIP
Woodland Hills, CA 91367

COUNTY
Los Angeles

COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

TELEPHONE NUMBER (include Area Code)

NAME
PERKINS & WILL

DFEH USE ONLY

ADDRESS
617 West Seventh Street, Suite 1200

CITY/STATE/ZIP
Los Angeles, CA 90017

COUNTY
Los Angeles

COUNTY CODE

RESPONDENT CODE

NO. OF EMPLOYEES/MEMBERS (if known)
over 50

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) 4/13/07 & continuing

THE PARTICULARS ARE:

On April 13, 2007     I was  X  fired

| | |
|---|---|
| ___ laid off | ___ denied employment |
| ___ demoted | ___ denied promotion |
| ___ harassed | ___ denied transfer |
| ___ genetic characteristics testing | ___ denied accommodation |
| ___ forced to quit | ___ impermissible non-job-related inquiry |
| | ___ other (specify) |

___ denied family or medical leave
___ denied pregnancy leave
___ denied equal pay
___ denied right to wear pants
___ denied pregnancy accommodation

by Randy Larsen, Director of Operations
Name of Person        Job Title (supervisor/manager/personnel director/etc.)

because of my:  X  sex      ___ national origin/ancestry     ___ physical disability     ___ cancer     (Circle one) filing;
                ___ age      ___ marital status               ___ mental disability     ___ genetic characteristic     protesting; participating in
                ___ religion ___ sexual orientation                                                                      investigation (retaliation for)
             X  race/color  ___ association                  ___ other (specify) ___

the reason given by Randy Larsen, Director of Operations
                      Name of Person and Job Title

Was because of  failure to meet performance expectations.  The true reason was because
[please state      of my race (Asian) and gender (female).
what you believe
to be reason(s)]

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated May 21, 2007

At Woodland Hills
      City

COMPLAINANT'S SIGNATURE
Livia Shi

RECEIVED
MAY 23 2007
Department of Fair Employment and Housing
STATE OF CALIFORNIA

DATE FILED: 5/23/07

DFEH-300-03 (01/05)
COMPLAINT OF EMPLOYMENT AND HOUSING

LS-DFEH1



# EXHIBIT "B"

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                   ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
611 West Sixth Street, Suite 1500 ,Los Angeles, CA 90017
(213) 439-6799 (800) 700-2320 Fax (213) 892-6494



May 24, 2007


Joseph M. Lovretovich
Attorney
Law Offices of Joseph M. Lovretovich
5850 Canoga Ave., Suite 3315
Woodland Hills, CA 91367-6505


RE:   E200607S1398-00-sc
      SHI/PERKINS AND WILL


Dear Joseph M. Lovretovich:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
May 23, 2007 because an immediate right-to-sue notice was requested.  DFEH will
take no further action on the complaint.

This letter is also the Right-To-Sue Notice.  According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the
Fair Employment and Housing Act against the person, employer, labor organization
or employment agency named in the above-referenced complaint.  The civil action
must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment
Opportunity Commission (EEOC) must be visited to file a complaint within 30 days
of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged
discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Lottie Woodruff
District Administrator

cc:    Case File

Human Resources Manager
PERKINS AND WILL
617 West Seventh Street, #1200
Los Angeles, CA  90017

DFEH-200-43 (08/05)

**EXHIBIT B**

04/16/2008 13:18 FAX    @002/002



CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 16 2008

John A. Clarke, Executive Officer/Clerk
BY RUGENA LOPEZ, Deputy

1  SEYFARTH SHAW LLP
   Laura Wilson Shelby (State Bar No. 151870)
2  Mary E. Ahrens (State Bar No. 228992)
   2029 Century Park East, Suite 3300
3  Los Angeles, California 90067-3063
   Telephone: (310) 277-7200
4  Facsimile: (310) 201-5219

5  Attorneys for Defendants
   PERKINS & WILL, INC., and RANDY LARSEN

6

7                                         **"BY FAX"**

8

9                SUPERIOR COURT OF CALIFORNIA

10               COUNTY OF LOS ANGELES - CENTRAL

11  LIVIA SHI,                    )    Case No. BC 384559
                                  )
12          Plaintiff,            )
                                  )    **DEFENDANTS' ANSWER TO**
13      v.                        )    **UNVERIFIED COMPLAINT**
                                  )
14  PERKINS & WILL, INC.; RANDY LARSEN;  )    Complaint Filed: January 29, 2008
    and DOES 1 through 100, inclusive,   )
15                                )
            Defendants.           )
16                                )
                                  )
17  ───────────────────────────

18          Defendants Perkins & Will, Inc. and Randy Larsen

19  no other defendants, hereby answer Plaintiff Livia Shi's (

20  "Complaint") as follows:

21                    **GENERAL DENIA**

22          Pursuant to California Code of Civil Procedure Se

23  generally each allegation and each purported cause of act

24  limiting the generality of the foregoing, deny that Plainti

25  at all, by reason of any acts or omissions of Defendants.

26                         **DEFENSES**

27          In further answer to the Complaint, and as separa

28  allege as follows:

L.A.S.C. - FILINGS #32
111 N. HILL STREET
LOS ANGELES CA 90012

DATE PAID: 04/16/08  12:39:36 PM
RECEIPT #:   CCH477728058

CIT/CASE: BC384559 LEA/DEF#:

PAYMENT: $640.00                0310
RECEIVED:
      CHECK:      640.00
      CASH:
      CHANGE:
      CARD:

1    SEYFARTH SHAW LLP
     Laura Wilson Shelby (State Bar No. 151870)
2    Mary E. Ahrens (State Bar No. 228992)
     2029 Century Park East, Suite 3300
3    Los Angeles, California 90067-3063
     Telephone: (310) 277-7200
4    Facsimile: (310) 201-5219

5    Attorneys for Defendants
     PERKINS & WILL, INC., and RANDY LARSEN

6

7

8

9                SUPERIOR COURT OF CALIFORNIA

10            COUNTY OF LOS ANGELES - CENTRAL

11    LIVIA SHI,                  )    Case No. BC 384559
                           )
12           Plaintiff,          )
                           )    **DEFENDANTS' ANSWER TO**
13         v.                 )    **UNVERIFIED COMPLAINT**
                           )
14    PERKINS & WILL, INC.; RANDY LARSEN; )    Complaint Filed: January 29, 2008
     and DOES 1 through 100, inclusive,        )
15                            )
          Defendants.        )
16                            )

17

18        Defendants Perkins & Will, Inc. and Randy Larsen ("Defendants"), for themselves and

19    no other defendants, hereby answer Plaintiff Livia Shi's ("Plaintiff") unverified complaint (the

20    "Complaint") as follows:

21                         **GENERAL DENIAL**

22        Pursuant to California Code of Civil Procedure Section 431.30, Defendants deny

23    generally each allegation and each purported cause of action in the Complaint, and without

24    limiting the generality of the foregoing, deny that Plaintiff has been damaged in any amount, or

25    at all, by reason of any acts or omissions of Defendants.

26                            **DEFENSES**

27        In further answer to the Complaint, and as separate and distinct defenses, Defendants

28    allege as follows:

LA1 6690424.1                    1

### FIRST DEFENSE

#### (Failure to State a Claim for Relief)

1.      Neither the Complaint as a whole, nor any purported cause of action alleged therein, states facts sufficient to constitute a cause of action or claim for relief against Defendants.

### SECOND DEFENSE

#### (Statute of Limitations)

2.      Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitations.

### THIRD DEFENSE

#### (Failure to Exhaust Administrative Remedies)

3.      To the extent that Plaintiff makes allegations or claims that were not made the subject of a timely complaint filed by or on her behalf with the DFEH as required by California Government Code § 12900 *et seq.*, or to the extent Plaintiff has not received a right-to-sue letter or otherwise exhausted her administrative remedies, the Court lacks jurisdiction with respect to any such allegations or claims.

### FOURTH DEFENSE

#### (Time Limitation on FEHA Remedies)

4.      To the extent that Plaintiff makes allegations or claims with respect to a time period more than one year prior to the date on which Plaintiff allegedly filed her DFEH complaint upon which she purports to rely, these allegations and claims are untimely, and the Court lacks jurisdiction with respect to any such allegations or claims.

### FIFTH DEFENSE

#### (FEHA Statute of Limitations)

5.      Plaintiff's complaint is barred to the extent she failed to file her complaint within the time limitations set forth in California Government Code § 12960.

### SIXTH DEFENSE

**(Estoppel and Waiver)**

6.      Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrines of estoppel and waiver.

### SEVENTH DEFENSE

**(Unclean Hands)**

7.      Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of unclean hands.

### EIGHTH DEFENSE

**(Failure to Exercise Reasonable Preventive Corrective Opportunities)**

8.      Defendants exercised reasonable care to prevent and correct unlawful harassment, discrimination, and retaliation against Plaintiff and she unreasonably failed to take advantage of preventive or corrective opportunities or to avoid harm otherwise.

### NINTH DEFENSE

**(Failure to Mitigate Damages)**

9.      Defendants are informed and believes and thereon allege that by exercise of reasonable efforts, Plaintiff could have mitigated the amount of damages she allegedly suffered, but Plaintiff failed and/or refused and continues to fail and/or refuse, to exercise reasonable efforts to mitigate her damages.

### TENTH DEFENSE

**(At-Will Employment)**

10.      Plaintiff's employment was terminable at will by either party with or without cause.

### ELEVENTH DEFENSE

**(Good Faith)**

11.      Plaintiff cannot recover punitive damages, because Defendants cannot be vicariously liable for any discriminatory employment decisions that were contrary to Defendants' good-faith efforts to comply with laws prohibiting employment discrimination.

3

DEFENDANTS' ANSWER TO UNVERIFIED COMPLAINT

## TWELFTH DEFENSE

### (Legitimate Non-Discriminatory Actions)

12.     Plaintiff is barred from recovery because all of Defendants' actions toward Plaintiff were taken for legitimate, non-discriminatory reasons.

## THIRTEENTH DEFENSE

### (Due Process)

13.     Plaintiff's request for punitive damages in her Complaint violates the rights of Defendants to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and under the Constitution of the State of California.

## FOURTEENTH DEFENSE

### (Punitive Damages Barred)

14.     Plaintiff's claim for punitive damages is barred because Defendants in good faith implemented anti-harassment and anti-discrimination policies, and may not therefore be punished for any alleged violation of such policies.

## FIFTEENTH DEFENSE

### (No Facts Sufficient for Punitive Damages)

15.     The Complaint, and all of the purported causes of action alleged therein, fail to state facts sufficient to allow recovery of exemplary or punitive damages from Defendants.

## SIXTEENTH DEFENSE

### (Inability to Recover Punitive Damages)

16.     Plaintiff may not recover punitive damages for wrongful conduct that was contrary to policies Defendants instituted in good faith against discrimination and harassment.

## SEVENTEENTH DEFENSE

### (After-Acquired Evidence)

17.     Plaintiff is precluded from recovering damages to the extent Defendant Perkins & Will, Inc. learned through after-acquired evidence of facts that would have justified dismissal of Plaintiff had those facts been known during employment.

## EIGHTEENTH DEFENSE

### (Good Cause For Termination)

18.     Without conceding that Plaintiff's employment relationship with Defendant Perkins & Will, Inc. was anything but at-will, any and all of the acts alleged to have been performed by Defendant Perkins & Will, Inc., if performed at all, were job-related and supported by good cause.

## NINETEENTH DEFENSE

### (Not Proper Defendant)

19.     Defendant Randy Larsen is not a proper defendant herein because he was never Plaintiff's employer.

## PRAYER

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

1.     That Plaintiff take nothing by her Complaint;

2.     That judgment be entered in favor of Defendants and against Plaintiff on all causes of action;

3.     That Defendants be awarded their attorney's fees and costs of suit herein incurred; and

4.     That Defendants be awarded such other and further relief as the Court may deem appropriate.


DATED: April 16, 2008                          SEYFARTH SHAW LLP


                                               By _____
                                                      Mary E. Ahrens
                                               Attorneys for Defendants
                                               PERKINS & WILL, INC. and RANDY
                                               LARSEN

1  **PROOF OF SERVICE**

2  STATE OF CALIFORNIA          )
                                )  ss
3  COUNTY OF LOS ANGELES        )

4      I am a resident of the State of California, over the age of eighteen years, and not a party
to the within action.  My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite
5  3300, Los Angeles, California 90067-3063.  On April 16, 2008, I served the within documents:

6  DEFENDANTS' ANSWER TO UNVERIFIED COMPLAINT

7

8  [ ]   I sent such document from facsimile machine (310) 201-5219 on April 11, 2008.  I
       certify that said transmission was completed and that all pages were received and that
       a report was generated by facsimile machine (310) 201-5219 which confirms said
9      transmission and receipt.  I, thereafter, mailed a copy to the interested party(ies) in this
       action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the
10     parties listed below.

11 [X]  by placing the document(s) listed above in a sealed envelope with postage thereon
       fully prepaid, in the United States mail at Los Angeles, California addressed as set
12     forth below.

13 [ ]  by placing the document(s) listed above, together with an unsigned copy of this
       declaration, in a sealed Federal Express envelope with postage paid on account and
14     deposited with Federal Express at Los Angeles, California, addressed as set forth
       below.

15

16 [ ]  by placing the document(s) listed above, together with an unsigned copy of this
       declaration, in a sealed Overnite Express envelope with postage paid on account and
17     deposited with Overnite Express at Los Angeles, California, addressed as set forth
       below.

18     Marcus A. Mancini, Esq.
       Adam Reisner, Esq.
19     David Sarnoff, Esq.
       MANCINI & ASSOCIATES
20     15303 Ventura Blvd., Suite 600
       Sherman Oaks, CA 91403
21     Tel:  818.783.5757
       Fax: 818.783.7710

22

23     I am readily familiar with the firm's practice of collection and processing correspondence
for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same
24 day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or postage
25 meter date is more than on day after the date of deposit for mailing in affidavit.

26     I declare under penalty of perjury under the laws of the State of California that the above
is true and correct.

27     Executed on April 16, 2008, at Los Angeles, California.

28
                                                    _____
                                                    Lisa Dancel

LA1 6690024.1

# EXHIBIT C



NOTICE SENT TO:

Mancini, Marcus A., Esq.
Mancini & Associates
15303 Ventura Blvd., Suite 600
Sherman Oaks        CA  91403

FILED
LOS ANGELES SUPERIOR COURT
FILE STAMP

MAR 2 6 2008

JOHN A. CLARKE, CLERK

BY ROSALIE I. CRUZ, DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| LIVIA SHI | Plaintiff(s), | BC384559 |
| VS. | | |
| PERKINS & WILL INC ET AL | Defendant(s). | NOTICE OF CASE MANAGEMENT CONFERENCE |

### TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for May 30, 2008 at 8:30 am in Dept. 72 at 111 N. Hill Street, Los Angeles, California 90012.

Pursuant to California Rules of Court, 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (GC 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, CCP Sections 177.5, 575.2, 583.150, 583.360 and 583.410, GC Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: March 26, 2008                                          _____
                                                                        Judicial Officer

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[  ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[  ] by personally giving the party notice upon filing the complaint.

Date: March 26, 2008                                   John A. Clarke, Executive Officer/Clerk

                                                            by _____, Deputy Clerk

LACIV 132 (Rev. 01/07)                                     Cal. Rules of Court, rule 3.720-3.730
LASC Approved 10-03                                        LASC Local Rules, Chapter Seven

NOTICE SENT TO:

Mancini, Marcus A., Esq.
Mancini & Associates
15303 Ventura Blvd., Suite 600
Sherman Oaks      CA  91403

LOS
FILE STAMP

FILED

FEB 01 2008

JC

BY_____
DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| LIVIA SHI | Plaintiff(s), | BC384559 |
| VS. | | |
| PERKINS & WILL INC ET AL | Defendant(s). | NOTICE OF CASE MANAGEMENT CONFERENCE |

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for  April 30, 2008  at  8:30 am  in  Dept. 34  at 111 N. Hill Street, Los Angeles, California  90012.

Pursuant to California Rules of Court, 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.  You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (GC 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, CCP Sections 177.5, 575.2, 583.150, 583.360 and 583.410, GC Section 68608 (b), and California Rules of Court 2.2 et seq.

Date:  February 1, 2008

Judicial Officer

PAUL GUTMAN

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[X] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date:  February 1, 2008

John A. Clarke, Executive Officer/Clerk

by _____, Deputy Clerk

LACIV 132 (Rev. 01/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

**PROOF OF SERVICE**

STATE OF CALIFORNIA    )
                       )  ss
COUNTY OF LOS          )
ANGELES

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite 3300, Los Angeles, California 90067-3063. On April 17, 2008, I served the within documents:

**NOTICE OF REMOVAL**

☐   I sent such document from facsimile machine (310) 201-5219 on April 17, 2008. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐   by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

☐   by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Overnite Express envelope with postage paid on account and deposited with Overnite Express at Los Angeles, California, addressed as set forth below.

Marcus A. Mancini, Esq.
Adam Reisner, Esq.
David Sarnoff, Esq.
MANCINI & ASSOCIATES
15303 Ventura Blvd., Suite 600
Sherman Oaks, CA 91403

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on April 17, 2008, at Los Angeles, California

_____
Lisa Dancel

LA1 6690031.1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV08- 2563 PA (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) <br> Livia Shi | DEFENDANTS <br> Perkins & Will, Inc. and Randy Larsen |
| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): <br> Los Angeles | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): <br> Cook County, Illinois |
| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> Marcus A. Mancini <br> Mancini & Associates <br> 15503 Ventura Blvd., Suite 600, Sherman Oaks, CA 91403 <br> 818.783.5757 | Attorneys (If Known) <br> Laura Wilson Shelby <br> Mary E. Ahrens <br> Seyfarth Shaw LLP <br> 2029 Century Park East, Suite 3300, Los Angeles, CA 90067 <br> 310.277.7200 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff     ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant     ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding     ☑ 2 Removed from State Court     ☐ 3 Remanded from Appellate Court     ☐ 4 Reinstated or Reopened     ☐ 5 Transferred from another district (specify):     ☐ 6 Multi-District Litigation     ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No          ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Secs. 1332(a), 1441, and 1446 (Diversity), Claims for harassment, retaliation, discrimination and wrongful termination.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty <br> ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☑ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | ☐ 245 Tort Product Liability | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No  ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number:

CV-71 (07/05)          CIVIL COVER SHEET          Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b).  RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No   ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
   Los Angeles

List the California County, or State if other than California, in which EACH named defendant resides.  (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
   Defendant Perkins & Will, Inc. is incorporated in the State of Delaware with its principal place of business in Illinois.
   Defendant Randy Larsen, a sham defendant who was erroneously named as a defendant in this lawsuit, resides in Los Angeles.

List the California County, or State if other than California, in which EACH claim arose.  (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
   Los Angeles

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date _____ April 17, 2008

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## PROOF OF SERVICE

STATE OF CALIFORNIA )
                    ) ss
COUNTY OF LOS       )
ANGELES

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite 3300, Los Angeles, California 90067-3063. On April 17, 2008, I served the within documents:

### CIVIL COVER SHEET

☐   I sent such document from facsimile machine (310) 201-5219 on April 17, 2008. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐   by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

☐   by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Overnite Express envelope with postage paid on account and deposited with Overnite Express at Los Angeles, California, addressed as set forth below.

Marcus A. Mancini, Esq.
Adam Reisner, Esq.
David Sarnoff, Esq.
MANCINI & ASSOCIATES
15303 Ventura Blvd., Suite 600
Sherman Oaks, CA 91403

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on April 17, 2008, at Los Angeles, California.

Lisa Dancel

LA1 6691016.1